Daniel R. Watkins, Esq.
Nevada State Bar No. 11881
dw@wl-llp.com
Melinda Weaver, Esq.
Nevada State Bar No. 11481
mweaver@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Ste. 22A
Henderson, NV 89074
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Thomas Liolios

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS LIOLIOS,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN WAGERING, INC. D/B/A WILLIAM HILL US a Domestic Corporation; DOES 1-50; inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Thomas Liolios (hereinafter "Plaintiff"/ "Mr. Liolios") and files this civil action against Defendants, and each of them, for violations of the American with Disabilities Act, 42 U.S.C. § 12112 et seq., The Family Medical Leave Act, 29 U.S.C. §2601 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12112 et seq., and The Family Medical Leave Act, 29 U.S.C. §2617 et seq; which confers original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over any State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted his administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

    a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein.

    b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated October 17, 2022. (A true and correct copy of said letter is attached and incorporated herein as **Exhibit "1"**).

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

### PARTIES

### PLAINTIFF

8. Plaintiff, Thomas Liolios, was a qualified/eligible "employee" of Defendant, William Hill US within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq*., The Family Medical Leave Act, 29 U.S.C. §2601 *et seq*, and Nevada Revised Statutes §§ 608.010 and 613.010 *et seq*.; and related claims under Nevada law.

//

## DEFENDANTS

9. Defendant, American Wagering, Inc. d/b/a William Hill US ("Defendant" or "William Hill") is a foreign limited liability company qualified to do business in Nevada. Defendant employs 50 or more employees and is an "employer" within the meaning of the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq*., Family Medical Leave Act, 29 U.S.C. §2601 *et seq.,* and Nevada Revised Statutes §§ 608.010 and 613.010 *et seq*., and related claims under Nevada law. Defendant has offices located at 6325 S Rainbow Blvd #100, Las Vegas, NV 89118.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

## STATEMENT OF FACTS

11. Plaintiff Thomas Liolios is a former employee of Defendant William Hill where he worked as a senior technical talent acquisition partner. He was employed by the Defendant from approximately January 13, 2020, to February 22, 2021.

12. Mr. Liolios has a seizure disorder which can cause disorientation, and also convulsive seizures. The Defendant was aware of his condition and Plaintiff's condition had not interfered with his ability to perform the essential functions of his job. In fact, Mr. Liolios was in discussions to be promoted.

13. On or about February 12, 2021, Mr. Liolios was on a video-conferencing call with Chief of Staff, Seth Riegelhaupt, and suffered an episode of disorientation related to his seizure disorder. This episode was clearly medical in nature but caused Mr. Liolios to act erratically.

14. Due to the obvious medical issues that Mr. Liolios was experiencing during the call, William Hill employees contacted Mr. Liolios' emergency contact and sent a police officer to conduct a welfare check.

15. Immediately following Mr. Liolios' medical episode he was notified by a coworker that the technical support department had locked his work terminal.

16. On February 13, 2021, Mr. Liolios received FMLA paperwork and was informed that he was being given two weeks paid leave.

17. On February 18, 2021, Mr. Liolios submitted the FMLA paperwork that was completed by his physician. The paperwork stated that Mr. Liolios may require one to two days of leave if he experienced another medical episode related to his seizure condition.

18. After Mr. Liolios submitted his FMLA paperwork, on February 22, 2021, Mr. Liolios was contacted by Vice President of Human Resources Deborah Blackburn and Manager Kelly Hawkins.  During that call Mr. Liolios was informed that Defendant was terminating him based on his conduct during the February 12, 2021 video conference.

19. A clear nexus exists between Plaintiff requesting his FMLA medical leave and Defendant terminating Plaintiff's employment in retaliation.

20. Further a clear nexus exists between the Plaintiff requesting a reasonable accommodation for his disability and Defendant terminating his employment.

21. The unconscionable acts of Defendant caused a substantial burden to Mr. Liolios' rights and caused him to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

## COUNT I
## INTERFERENCE, DISCRIMINATION AND RETALIATION WITH FAMILY MEDICAL LEAVE
**Family Medical Leave Act (29 U.S.C. §2601 et seq.)**
**(Against All Defendants)**

22. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

23. Mr. Liolios seizure disorder constitutes a "serious health condition," defined by the statute as an illness, injury, impairment or physical or mental condition that involves

either 1) inpatient care in a hospital or other care facility, or 2) continuing treatment by a health care provider.

24. Mr. Liolios gave appropriate notice of his condition to the Defendants.

25. As a proximate result of Defendant's discriminatory actions, Mr. Liolios has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress. As a result of those actions and consequent harms, Mr. Liolios has suffered such damages in an amount to be proven at trial.

26. Defendant intentionally, voluntarily, deliberately, and willfully discharged Mr. Liolios.

27. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Mr. Liolios' federally protected rights.

28. Defendant, through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants as described above thereby ratifying the unlawful conduct of its agents or supervisors.

29. Mr. Liolios requests relief as described in the Prayer for Relief below.

**COUNT II**
**INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT**
Americans with Disabilities Act (42 U.S.C. §12101 et seq.)
NV Rev. Stat. §613.330 *et seq.*
**(Against All Defendants)**

30. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

31. At all times material hereto, Mr. Liolios was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

32. At all times material hereto, Mr. Liolios was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

33. Mr. Liolios is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

34. Mr. Liolios' seizure disorder is a physical impairment that substantially limited one or more major life activities.

35. Defendant was aware of Mr. Liolios' seizure disorder.

36. Defendant's discrimination of Mr. Liolios began immediately after Defendant was asked to make reasonable accommodations for Mr. Liolios' disability following a severe medical episode.

37. Defendant not only failed to consider Mr. Liolios' request for the reasonable accommodation of time off following an episode, Defendant also immediately terminated Mr. Liolios due to his condition.

38. Mr. Liolios' disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to terminate him.

39. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Mr. Liolios.

40. As a direct and proximate result of Defendant's violation of Mr. Liolios' rights as alleged, Mr. Liolios' terms, conditions, and privileges of employment were adversely affected.

41. As a direct and proximate result of Defendant's wrongful acts and omissions, Mr. Liolios has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of his choice.

42. Mr. Liolios requests relief as described in the Prayer for Relief below.

//
//
//

## COUNT III
### DISABILITY DISCRIMINATION – RETALIATION
**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330** *et seq.*

43. Plaintiff hereby incorporates the preceding paragraphs of this Complaint as though fully set forth herein.

44. Plaintiff engaged in an activity protected under federal and state laws, including requesting an accommodation for a disability. In return, Defendant retaliated against Mr. Liolios by manufacturing disciplinary measures in order to discharge him from employment.

45. Plaintiff's disability was a motivating factor for Defendant's decision to terminate his employment.

46. Plaintiff was subjected to the adverse employment action described herein because he requested a reasonable accommodation. Defendant reacted by depriving him of his rights and benefits under the Americans with Disabilities Act (42 U.S.C. §12101 et seq.) by terminating him.

47. Mr. Liolios was subjected to the adverse employment action described herein because of his participation in the protected activity and the adverse employment action would not have occurred but for that participation.

48. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Mr. Liolios has suffered, and will continue to suffer, pain, humiliation, and emotional distress.

49. Mr. Liolios has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Mr. Liolios is thereby entitled to general and compensatory damages in amounts to be proven at trial.

50. Defendant intentionally, voluntarily, deliberately, and willfully discriminated against Plaintiff by depriving of or interfering with Mr. Liolios' rights and benefits under the American with Disabilities Act (42 U.S.C. §12101 et. seq.).

51. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Mr. Liolios' federally protected rights.

52. Mr. Liolios requests relief as described in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Thomas Liolios prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;
2. Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;
3. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes.
4. Punitive Damages.
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper.

DATED this 13th day of January 2023.

                WATKINS & LETOFSKY, LLP

By:   */s/ Daniel Watkins*
      Daniel R. Watkins, Esq.
      Melinda Weaver, Esq.
      S8935 S. Pecos Rd., Suite 22A
      Henderson, Nevada 89074
      Office:(702) 901-7553; Fax: (702) 974-1297
      *Attorneys for Plaintiff, Thomas Liolios*

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 13th day of January 2023.

WATKINS & LETOFSKY, LLP

By: */s/ Daniel Watkins*
Daniel R. Watkins, Esq.
Melinda Weaver, Esq.
S8935 S. Pecos Rd., Suite 22A
Henderson, Nevada 89074
Office:(702) 901-7553; Fax: (702) 974-1297
*Attorneys for Plaintiff, Thomas Liolios*

# *<u>Exhibit 1</u>*

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Thomas Liolios**<br>8935 S. Pecos Rd., Ste. 22A<br>Henderson, NV 89074 | From: | **Los Angeles District Office**<br>255 East Temple St, 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|
| EEOC Charge No.<br>**34B-2021-00765** | | EEOC Representative<br>**Karrie Maeda,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>**12137853002** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):*** *You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Christine Park-Gonzalez
10/17/2022

Enclosures(s)

**Christine Park-Gonzalez**
**Acting District Director**

cc: **Anthony Carano**
**William Hill US**
**One Caesars Palace Drive**
**Las Vegas, NV 89118**